FILED
CLERK
5/20/2016 9:52 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER CORRADO,

       Plaintiff,      **MEMORANDUM AND ORDER**

  -against-        15-CV-5389 (SJF) (AYS)

JUDGE FREUNDLICH, Family Court of the State
of New York,
       Defendant.
----------------------------------------------------------------X
CHRISTOPHER CORRADO,

       Plaintiff,

  -against-        15-CV-5390 (SJF) (AYS)

MAGISTRATE LAFLER, Family Court of the State
of New York,
       Defendant.
----------------------------------------------------------------X
CHRISTOPHER CORRADO,

       Plaintiff,

  -against-        15-CV-7221 (SJF) (AYS)

BERNARD CHENG, Family Court of the State
of New York,
       Defendant.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

## I. INTRODUCTION

  On September 18, 2015, plaintiff *pro se* Christopher Corrado ("plaintiff" or "Corrado") filed two complaints pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Honorable David Freundlich, Supervising Judge and Acting Supreme Court Justice of the Family Court of the State of New York, County of Suffolk – 10th Judicial District ("Judge Freundlich"), *see* 15-cv-5389 ("Freundlich Action"), Complaint, Docket Entry ("DE") [1], and against Support Magistrate

Meridith Lafler, Family Court of the State of New York, County of Suffolk – 10th Judicial District ("Magistrate Lafler"). *See* 15-cv-5390 ("Lafler Action"), Compl., DE [1]. Aside from the name of the defendant, the complaints in these two actions are identical. On December 14, 2015, plaintiff filed a third lawsuit against Judge Bernard Cheng, Family Court of the State of New York, County of Suffolk ("Judge Cheng"). *See* 15-cv-7221 ("Cheng Action"), Compl. DE [1]. The third complaint shares many of the same verbatim paragraphs with, but is not identical to, the Freundlich and Lafler complaints.

Each complaint was accompanied by an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in his declarations in support of the applications to proceed *in forma pauperis*, qualifies him to commence these actions without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's applications to proceed *in forma pauperis* are granted. However, for the reasons set forth below, all three complaints are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.   BACKGROUND

These actions represent plaintiff's second, third, and fourth attempts to place his ongoing, New York Family Court child support dispute before this Court. On August 12, 2015, he removed the child support enforcement action commenced in the Family Court of the State of New York, County of Suffolk ("state court") to this Court.[1] In the removal action, Corrado's application to proceed *in forma pauperis* was granted, and the case was remanded to the state court pursuant to 28 U.S.C. § 1447(c). *See* Order of 8/25/15, Corrado I at DE [12] (the "Remand

---

[1] The state action was commenced in or about September 2010 by Eileen D'Amico against Corrado under Index No. 6746-10. *See D'Amico v. Corrado*, 15-CV-4846 (SJF) (AYS) ("Corrado I"), Pet. for Removal, at 1 ("petition for removal from the 10th Judicial District Court of New York State County of Suffolk . . .State court cause [sic] no.: 6746-10").

Order").[2]

In the Freundlich and Lafler Actions, plaintiff alleges that his claims arise under the First, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution. Compl. ¶ 1.[3] Plaintiff claims that although he served notice of the removal of the state court case to federal court, Judge Freundlich and Magistrate Lafler "ignore[d] a Federal Removal Notice" and "ignore[d], guaranteed rights under the U.S. Constitution and had no Jurisdiction to act in this matter . . . ." *Id.* at ¶¶ 5-6. Plaintiff alleges that Judge Freundlich and Magistrate Lafler "ruled without jurisdiction on August 19, 2015 to unlawfully deprive the Petitioner of his freedom and property by an order to incarcerate for 82 days knowing a Federal Removal Notice was filed with proper notice on August 12, 2015." *Id.* at ¶ 8. Plaintiff also complains that neither Judge Freundlich nor and Magistrate Lafler recused himself or herself from the state court case. *Id.* at ¶ 11.

In the Cheng Action, plaintiff alleges that his claims arise under the First, Fourth, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution. Cheng Compl. ¶ 1. Plaintiff claims that although he served notice of the removal of the state court case to federal court, Judge Cheng "ignore[d] all Laws and motions[,] . . . and knowingly acted outside his jurisdiction by unlawfully ignoring a Federal Removal Notice" and "ignore[d], guaranteed

---

[2] Plaintiff moved for reconsideration of the Remand Order. *See* Corrado I, DE [13]. By Order dated October 26, 2015, the motion for reconsideration was denied because, upon certification of the remand order, this Court divested itself of jurisdiction and thus was barred from further consideration of Corrado's case. *See* Corrado I at DE [27]. On November 13, 2015, Corrado filed a Notice of Appeal of the Court's denial of his motion for reconsideration.

[3] As the complaints in the Freundlich and Lafler Actions are essentially identical, citations to complaint paragraphs pertain to the complaints in both cases unless otherwise noted. Although the complaint in the Cheng Action contains shares numerous verbatim paragraphs with the other two actions, it is different enough to warrant separate citations in this Order.

3

rights under the U.S. Constitution and knowingly had no Jurisdiction to act in this matter . . . ." *Id.* at ¶¶ 3-6. Plaintiff alleges that Judge Cheng "unlawfully ruled and continued to rule knowingly without jurisdiction throughout the proceedings commencing in the spring of 2012 with his most recent unlawful ruling November 17, 2015 which continued to unlawfully deprive Petitioner of his freedom and property by an unlawful order to pay for opposing attorneys fees and further knowing a Federal Removal Notice was filed . . . ." *Id*. ¶ 8. Plaintiff also claims that Judge Cheng "abbett[ed] known unlawful actions of his subordinate Magistrate (Lafler) who is herself being sued for federal violations of Petitioner's rights." *Id*. ¶ 9. In addition, plaintiff complains that Judge Cheng "did not recuse himself <u>or the former clerk of his Administrative Judge Freundlich</u>, Magistrate Lafler, from these proceedings as the defendant is the subject of [m]ultiple complaints to the Judicial Review Committed by the Plaintiff since 2012." *Id*. ¶ 11. (emphasis in original)

For relief in all three actions, plaintiff seeks an order voiding "all orders in this matter" and enjoining any further action by the state court. Freundlich Action & Lafler Action Compl. at p. 5; Cheng Compl. at p. 7. In addition, plaintiff seeks to recover a monetary judgment the sum of five million dollars ($5,000,000) against each defendant. *Id*.

## III. DISCUSSION

### A. *In Forma Pauperis*

Having reviewed plaintiff's declarations in support of his applications to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request for permission to proceed *in forma pauperis* is granted in all three cases.

## B. Standard of Review

Under the *in forma pauperis* statute, a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)), *aff'd.*, -- U.S. --, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1937); *accord Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013).

**C.     Section 1983**

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation and citation omitted); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

Section 1983 does not create any independent substantive rights; rather, the statute provides a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). "Despite the broad terms of § 1983, this Court has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." *Rehberg*, 132 S. Ct. at 1502; *see also Filarsky v. Delia*, -- U.S. --, 132 S. Ct. 1657, 1665 (2012) ("[Courts] read § 1983 in harmony with general principles of tort immunities and defenses." (quotation and citation omitted)). The Supreme Court has found that "actions taken by judges within the legitimate scope of judicial authority" are "functions that are absolutely immune from liability for damages under § 1983." *Rehberg*, 132 S. Ct. at 1503.

Plaintiff's claims against Judge Freundlich, Magistrate Lafler, and Judge Cheng

6

(collectively, the "judicial defendants") are barred by the doctrine of absolute judicial immunity. It is well-settled that judges are entitled to absolute immunity for damages arising out of judicial actions performed in their judicial capacity. *See Rehberg*, 132 S. Ct. at 1503; *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This absolute immunity includes state government officials, such as a support magistrate in the Family Court, under a "quasi-judicial" theory. *See*, *e.g*., *Williams v. Williams*, 11-CV-246S, 2012 WL 639697, *7 (W.D.N.Y. Feb. 27, 2012) ("This [absolute judicial] immunity has also been found to extend to support magistrates."); *Lometvas v. Cardozo*, 95-CV-2779, 2006 WL 229908, *5 (E.D.N.Y. Jan. 31, 2006) (finding that plaintiff's claims against a support magistrate in the Family Court were barred by absolute judicial immunity). "[O]nce a court determines that an official was functioning in a core judicial or prosecutorial capacity, absolute immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *DiBlasio v. Novello*, 344 F.3d 292, 297 (2d Cir. 2003) (internal quotation and citation omitted). Absolute judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (*per curiam*), nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.,* 502 U.S. at 13 (alteration in original; internal quotation marks and citation omitted); *see also Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005) ("if the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction.").

Even liberally construed, plaintiff alleges no acts performed by any of the judicial defendants that fall outside the scope of absolute judicial immunity. Plaintiff challenges rulings made by them, including the decision to decline recusal, Compl. ¶ 11, Cheng Compl. ¶ 11, and "dismissing Federal question motions." Compl. ¶ 10, Cheng Compl. ¶ 10. To the extent that the

complaints can be read to imply an argument that the judicial defendants did not have jurisdiction in that they "ignore[d] a Federal Removal Notice," plaintiff's attempt to remove the state action was patently improper and cannot support an argument against the state court's continuing jurisdiction in the Family Court action. *See Astoria Fed. Sav. & Loan Ass'n/Fidelity New York FSB v. Lane,* 64 A.D.3d 454, 456, 883 N.Y.S.2d 473 (1st Dep't 2009) (frivolous, time-barred removal petition "could not have caused the state court to lose jurisdiction").

Plaintiff also seeks "permanent injunctive relief on all Family Court Matters and for all Family Courts of the State of New York to refrain from any further action" upon him. Compl., p. 5, Cheng Compl. p. 7. Section 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Caroselli v. Curci*, 371 F. App'x 199, 202 (2d Cir. 2010) (summary order) (injunctive relief against state court judges is statutorily barred by § 1983) (citing *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (*per curiam*)). Plaintiff does not allege that Judge Freundlich, Magistrate Lafler, or Judge Cheng violated a declaratory decree, or that declaratory relief was unavailable.

Accordingly, based upon the doctrine of absolute judicial immunity, plaintiff's Section 1983 claims against Judge Freundlich, Magistrate Lafler, and Judge Cheng are not plausible and are thus dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.     Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the

complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182, 83 S. Ct. 227. However, if amendment would be futile, *i.e.*, if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Here, amendment would be futile because, for the reasons set forth above, plaintiff's claims against Judge Freundlich, Magistrate Lafler, and Judge Cheng are barred by absolute judicial immunity. As granting leave to amend here is unlikely to be productive, the Court declines to afford plaintiff leave to amend his complaints. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

## IV. CONCLUSION

For the foregoing reasons, plaintiff's applications to proceed *in forma pauperis* are granted, but the complaints are *sua sponte* dismissed with prejudice. The Clerk of the Court is directed to close these three cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                          /s/
                                          Sandra J. Feuerstein
                                          United States District Judge

Dated: May 20, 2016
       Central Islip, New York