UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER CORRADO,

                    Plaintiff,

      -against-

JUDGE FREUNDLICH, Family Court of the State
of New York,
                    Defendant.
----------------------------------------------------------------X
CHRISTOPHER CORRADO,

                    Plaintiff,

      -against-

MAGISTRATE LAFLER, Family Court of the State
of New York,
                    Defendant.
----------------------------------------------------------------X
CHRISTOPHER CORRADO,

                    Plaintiff,

      -against-

BERNARD CHENG, Family Court of the State
of New York,
                  Defendant.
----------------------------------------------------------------X

**FILED**
**CLERK**

7/1/2016 11:08 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**

15-CV-5389 (SJF) (AYS)

15-CV-5390 (SJF) (AYS)

15-CV-7221 (SJF) (AYS)

FEUERSTEIN, District Judge:

       By Memorandum and Order dated May 20, 2106, this Court *sua sponte* dismissed three essentially identical complaints filed by plaintiff *pro se* Christopher Corrado ("plaintiff") against three state court judges, David Freundlich ("Judge Freundlich"), Meridith Lafler ("Magistrate Lafler"), and Bernard Cheng ("Judge Cheng"). *See* Order ("5/20/16 Order").[1] Currently before

---

[1] The 5/20/16 Order was docketed in all three cases. *See* 15-cv-5389 ("Freundlich Action"), Docket Entry ("DE") [10]; 15-cv-5390 ("Lafler Action"), DE [10]; 15-cv-7221 ("Cheng Action"), DE [10].

the Court are plaintiff's motions to vacate and for reconsideration "en banc" of the 5/20/16 Order. *See* Motion, Freundlich Action, DE [12]; Lafler Action, DE [12]; Cheng Action, DE [12]. For the reasons set forth herein, the motions are denied.

## I. LEGAL STANDARDS

Pursuant to Local Civil Rule 6.3, a motion for reconsideration or reargument shall include "a memorandum setting forth concisely the matters or controlling decisions which counsel believed the Court has overlooked." The motion is not a vehicle for a party to "advance new facts, issues or arguments not previously presented to the court," *McBeth v. Gabrielli Truck Sales, Ltd.,* 768 F. Supp. 2d 392, 395 (E.D.N.Y. 2011) and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995). In determining a motion for reconsideration, the court considers (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir.2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)).

## II. DISCUSSION

Plaintiff's submission is disjointed and difficult to follow. In addition, the voluminous papers are largely identical to a motion to vacate Corrado filed in another matter filed in this

District. *See Marro v. Corrado,* 16-cv-2400, DE [8].[2] As such, the papers provide few specific objections to the rulings made by this Court in the 5/20/16 Order.

In consideration of plaintiff's *pro se* status, the Court has reviewed his submission for any arguments that could be liberally read as pertaining to reconsideration of the 5/20/16 Order. Upon such review, the following arguments are identified: (1) the state judges violated plaintiff's rights; (2) his removal of a case to this Court on August 12, 2015, docket number 15-cv-4946, "remains pending" and (3) the Court improperly interfered with his right to appeal by denying him permission to appeal *in forma pauperis.*

**A. Challenges to State Court Rulings**

Plaintiff claims that all decisions of Judge Cheng, Magistrate Lafler, and Judge Freundlich "are VOID." Motion at 33-35. For example, he claims that Judge Cheng failed to make a particular finding of parental unfitness in a state court proceeding, *id.* at 29, that Magistrate Lafler arbitrarily computed his income, *id.* at 33-34, and that Judge Freundlich falsely prosecuted him and tampered with evidence. *Id.* at 34. He further makes the conclusory claim that all three judges are guilty of "Mail, Wire, Fraud and Interference with interstate commerce." *Id.* at 33-34.

The 5/20/16 Order dismissed all claims against the three judges based on the doctrine of absolute judicial immunity. Plaintiff's submission raises no new facts or arguments that affect that decision.

**B. Disposition of Case 15-cv-4846**

Plaintiff removed a state court case captioned *D'Amico v. Corrado* on August 12, 2015. *See* Docket, 15-cv-4846, DE [1]. That case was remanded to state court pursuant to 28 U.S.C. §

---

[2] The *Marro* case was summarily remanded to state court. *See* Order of 5/19/16, 16-cv-2400, DE [6].

3

1447(c) on August 25, 2015. *Id.,* DE [12]. Plaintiff's motion for reconsideration of the remand order was denied because, after remand, this Court divested itself of jurisdiction. *Id.*, DE [27].

Although plaintiff emphatically insists that case 15-cv-4846 "remains pending" and acts to bar all action in state court, he is mistaken. His mistaken belief does not constitute a basis for reconsideration of the 5/20/16 Order.

## C. Denial of Permission to Appeal *In Forma Pauperis*

Plaintiff claims that the Clerk and the Court are obstructing justice by "interfering with Petitioner's notice of appeal and appellate process." Motion at 4. Plaintiff argues, relying upon Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that once he has been granted permission to proceed *in forma pauperis* at the district court, he does not need any further permission to proceed *in forma pauperis* on appeal. While Rule 24 (a)(3) does provide that no further authorization is required to proceed *in forma pauperis* on appeal, it qualifies that provision by adding "unless: (A) the district court. . . certifies that the appeal is not taken in good faith. . . ." FED. R. APP. P. 24 (1)(3)(A). The 5/20/16 Order expressly included such a certification. If plaintiff wishes to appeal, he may either pay the appropriate filing fee or apply to the Second Circuit for permission to proceed *in forma pauperis* on appeal.

## D. Disqualification of this Court

Plaintiff also argues that the decisions of this Court are "VOID" because the undersigned "did not disqualify" in violation of his due process rights. Motion at 35. The Court construes these statements as a motion to recuse.

Under 28 U.S.C. § 144, recusal is warranted where the judge "has a personal bias or prejudice against [a party] or in favor of any adverse party." 28 U.S.C. § 144. Section 455(a) of the same title proves that "[a]ny justice, judge, or magistrate judge of the United States shall

4

disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness-whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *See United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.2008) (internal quotation marks and citations omitted). The decision to recuse is "committed to the sound discretion of the district court." *United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992). "[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund,* 552 F.3d 218, 227 (2d Cir. 2009) (per curiam).

Plaintiff makes generalized allegations, summarily related to the decisions dismissing these actions. The undersigned has reviewed these matters without bias and discerns no basis for recusal. Accordingly, plaintiff's motion for recusal is denied.

## III.  CONCLUSION

For the reasons set forth above, plaintiff's motions for reconsideration of the 5/20/16 Order are denied, as is his motion for recusal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

 SO ORDERED.

                                                        /s                                /
                                                       SANDRA J. FEUERSTEIN
                                                       United States District Judge

Dated: July 1, 2016
       Central Islip, New York